1` UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 29 2008
Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| Darryl Bonner, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 08 1529 |
| ) | |
| Stanley Waldern *et al.*, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of the petition for a writ of *habeas corpus* filed *pro se* and the accompanying application to proceed *in forma pauperis*. The Court is obligated either to issue the writ or to order the respondent to show cause why the writ should not issue "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Court will grant the *in forma pauperis* application and dismiss the petition.

Petitioner is a District of Columbia prisoner who appears to be on parole. He alleges that the Superior Court of the District of Columbia sentenced him on July 24, 1995 "under the Good Time Credits Act of 1987" to a prison term of 3-9 years to be served consecutively to a prison term of 6-126 months. Pet. at 1. In 2001, the United States Parole Commission revoked petitioner's parole and "enlarged" his "full term . . . by some six [] years" to 2012, "in compliance with the Noble Act." *Id.* Petitioner challenges the forfeiture, upon his parole revocation, of the credit that was applied toward service of his sentence while on parole.

District of Columbia prisoners are entitled to *habeas corpus* relief under 28 U.S.C. § 2241 if they establish that their "custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner bases his claim on the District of Columbia Good Time Credits Act of 1987 ("GTCA"), D.C. Code § 24-431(a), but it is established that the GTCA does not apply to parole violators. Rather, District of Columbia law mandates that upon the revocation of parole "[t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." D.C. Code § 24-406(a) (formerly § 24-206). *See United States Parole Commission v. Noble*, 693 A.2d 1084, 1094-1104 (D.C. 1997), *reinstated* 711 A.2d 85 (D.C. 1998) (en banc) (interpreting D.C. Code § 24-206(a) as requiring forfeiture of street-time credit on certification of question from the District of Columbia Circuit); *McKee v. U.S. Parole Com'n*, 214 Fed.Appx. 1, 2 (D.C. Cir. 2006) ("*Noble* provided an authoritative statement of the meaning of D.C. Code § 24-206(a) (1981) that was consistent with the statutory language.").

District of Columbia prisoners have neither a constitutional nor a statutory right to parole. *See Ellis v. District of Columbia*, 84 F.3d, 1414, 1415-20 (D.C. Cir. 1996) (neither the Constitution nor the District of Columbia regulations create a liberty interest in parole); accord *Blair-Bey v. Quick*, 151 F.3d 1036, 1047 (D.C. Cir. 1998); *Brandon v. D.C. Board of Parole*, 823 F.2d 644, 648 (D.C. Cir. 1987). They therefore have no constitutional right to the credit earned while on parole. Accordingly, the *habeas corpus* petition presents no grounds for relief and therefore is denied. A separate Order accompanies this Memorandum Opinion.

United States District Judge

Date: August ___, 2008